UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CARLOS HERRERA, #02422841, | § § § |
| Plaintiff, | § § |
| v. | §  A-24-CV-01274-RP § |
| CARSON CAMPBELL, et al., | § § |
| Defendants. | § § |

### ORDER

Before the Court is Plaintiff Carlos Herrera's civil-rights complaint. Plaintiff is proceeding *pro se*. The Court granted Plaintiff leave to proceed *in forma pauperis*. After review of Plaintiff's complaint, this case is dismissed.

### BACKGROUND

At the time he filed his complaint, Plaintiff was incarcerated in the Texas Department of Criminal Justice, Institutional Division (TDCJ). Plaintiff is serving a ten-year sentence out of Burleson County, Texas in Cause No. 16190-A for unlawful possession of a firearm by a felon.

Plaintiff previously filed a civil rights complaint in Cause No. A-24-CV-440-RP wherein he appeared to sue the Burleson County 21st Judicial District Court, Judge, District Attorney, and Clerk and the F.B.I. He challenged his conviction, explaining he was not carrying the gun in his truck for a criminal purpose and was instead carrying the gun for his own safety. According to Plaintiff, his life was threatened, and he was harassed. He stated he sought help from the F.B.I and Burleson County officials, and once he arrived at TDCJ, he sought help from the Office of the Inspector General (O.I.G.). He claimed he was forced to take an involuntary guilty plea for a ten-year sentence because his life was under constant threat in Burleson County.

Plaintiff makes nearly identical claims in his current complaint. However, he uses proper names for the defendants instead of their titles or agency. Specifically, he names as defendants: Judge Carson Campbell, Prosecutor John Brennan, District Clerk Dana Fritsche, and O.I.G. employees Cris Love, Thomas Miller, Jason Chapmen, Leigh Harding, and Aneshia Thompson. He requests the Court to order an injunction on a mandatory federal government investigation on civil rights and criminal acts and award compensatory damages. He maintains his innocence.

## LEGAL STANDARD

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP at any time if it is determined the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under §§ 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss*

*v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## DISCUSSION

A.   Malicious

Because Plaintiff's complaint repeats the same factual allegations presented in his earlier case, a dismissal as malicious is warranted. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); § 1915(e)(2)(B)(i). Alternatively, Plaintiff's claims fail.

B.   Eleventh Amendment Immunity

Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This bar extends not only to the

state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.*

Plaintiff's claims seeking monetary relief against Judge Campbell and Prosecutor John Brennan are barred by Eleventh Amendment Immunity. Texas district attorneys are considered agents of the state, who are immune from claims for damages under the Eleventh Amendment. *Arnone v. County of Dallas, Tex.*, 29 F.4th 262, 268-72 (5th Cir. 2022); *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Judge Campbell is also entitled to Eleventh Amendment immunity. *See Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022).

C. Judicial Immunity

A judge generally has absolute immunity from suits. "There are only two circumstances under which judicial immunity may be overcome. 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.'" *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). "Allegations of bad faith or malice are not sufficient to overcome judicial immunity." *Id.* !!

Plaintiff does not complain of any actions taken by Judge Campbell that were nonjudicial in nature nor does he show that Judge Campbell was acting in the clear absence of all jurisdiction. Accordingly, Judge Campbell is protected by absolute immunity.

D. Prosecutorial Immunity

Prosecutors are absolutely immune from liability under the federal civil rights statutes regarding actions taken by them within the course and scope of representing the governmental

4

agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Boyd*, 31 F.3d at 285 (quoting *Buckley v. Fitzsimmons*, 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd*, 31 F.3d at 285; *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

The Court recognizes that not all prosecutorial functions are protected. In *Imbler*, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In *Imbler*, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in *Burns*, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. *Burns*, 500 U.S. at 493.

In this case, Plaintiff does not allege any actions taken by Defendant Brennan that were outside the course and scope of representing the Prosecutor's office in Plaintiff's criminal proceedings. Therefore, Defendant Brennan is protected by absolute immunity.

E. *Heck v. Humphrey*

Moreover, as explained previously, insofar as Plaintiff is challenging his conviction, Plaintiff's claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims regarding his alleged illegal conviction are dismissed without prejudice to refile once the conditions of *Heck* are met.

F. Claims Under 18 U.S.C. §§ 241, 242, and 249

Sections 241, 242, and 249 provide only for criminal liability for the deprivation of civil rights and not a private cause of action.

G. Mandamus

Plaintiff requests the Court to order the Judge, Prosecutor, and Clerk of the Burleson County District Court to provide him with the clerk's record, the reporter's record and discovery. He further requests the Court to order the O.I.G. to investigate his claims.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL

6

361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

H. Grievances

Plaintiff again states he grieved his issues to the O.I.G. and the F.B.I. He is upset that he has not received a response or received the response he wants. Plaintiff's claims fail to state a valid claim for relief.

Inmates do not have a constitutional right to have their prison grievances resolved to their satisfaction. *See Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (*per curiam*); *see also Jones v. N. Car. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly stated that such procedures are not "constitutionally mandated"). Absent such a right, the failure to investigate a complaint or grievance is not a violation of a constitutional right. *See Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (*per curiam*) (because prisoners have no constitutional right to have their grievances resolved to their satisfaction, "an alleged § 1983 due process violation of failure to investigate grievances is indisputably meritless").

I. Access to Courts

Plaintiff's claim against the Burleson County District Clerk is not clear. He argues she has a duty to provide legal documents on his criminal case and to file petitions filed in her court. He asserts he wrote to the clerk on February 17, 2023, and requested the file for his criminal case. He further asserts he mailed a state application for habeas corpus relief to the Burleson County court

7

on April 5, 2023. Plaintiff claims he wrote the clerk in April, May and August, inquiring about his application and asking for the criminal file.

State court records reflect the Texas Court of Criminal Appeals received Plaintiff's state application from Burleson County on October 4, 2023, after rejecting the clerk's record on September 11, 2023, and September 21, 2023. The Texas Court of Criminal Appeals dismissed it on October 25, 2023, for non-compliance. *See Ex parte Herrera*, No. WR-95,101-01.

Plaintiff contends he was denied access to the courts. However, he does not indicate whether he refiled a compliant application. Instead, he asserts he sent mail to the Burleson County District Clerk, Prosecutor, and Judge, asking for his criminal file, but he never received a response.

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). This right of access for prisoners is not unlimited. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, to prevail on a denial of access to the courts claim under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding. *Id.* at 349-53.

Plaintiff fails to identify any nonfrivolous legal claims he was prevented from filing. Instead, Plaintiff complains his correspondence to the Burleson County District Clerk, Judge, and Prosecutor, requesting his criminal file, has gone unanswered. In the event Plaintiff wishes to file a compliant 11.07 state writ application, the Court will direct the Clerk of Court for the Western District of Texas to forward a copy of the state writ application form to Plaintiff as a courtesy.

J. <u>Supplemental Jurisdiction</u>

To the extent Plaintiff raises state law claims, the Court declines to exercise supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action over which it has original jurisdiction that they form part of the same case or controversy. However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Because the Court dismisses all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

Because Plaintiff's complaint repeats the same factual allegations presented in his earlier case, his complaint is dismissed as malicious. Alternatively, Plaintiff's claims fail on the merits. As previously explained to Plaintiff, his claims challenging his conviction are barred by *Heck*, Plaintiff does not have a private cause of action under 18 U.S.C. § 241, 242, and 249, and the Court does not have jurisdiction to issue a writ of mandamus against a state actor or agency. In addition, Plaintiff's claims against Judge Campbell and Prosecutor Brennan in their official capacities are barred by the Eleventh Amendment. Plaintiff's claims against Judge Campbell and Prosecutor Brennan in their individual capacities are barred by judicial immunity and prosecutorial immunity, respectively. Plaintiff's remaining federal claims are dismissed for failure to state a claim upon which relief can be granted. Because the Court dismisses all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Ordinarily, the Court would provide Plaintiff an opportunity to amend his complaint before dismissal. However, an amendment in this case would be futile.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915(e).

Alternatively, it is **ORDERED** that Plaintiff's claims against Judge Campbell and Prosecutor Brennan in their official capacities are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Plaintiff's claims against Judge Campbell and Prosecutor Brennan in their individual capacities are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e); Plaintiff's claims challenging his conviction are frivolous and are **DISMISSED WITH PREJUDICE** to their being asserted again until the conditions of *Heck* are met pursuant to 28 U.S.C. § 1915(e); Plaintiff's request for mandamus relief against state actors is **DISMISSED WITHOUT PREJUDICE** as frivolous and for want of jurisdiction pursuant to 28 U.S.C. § 1915(e); and Plaintiff's remaining federal claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**, as the Court declines to exercise supplemental jurisdiction.

It is further **ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Plaintiff is also warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be

granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is further **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

It is finally **ORDERED** that the Clerk of Court shall forward to Plaintiff a form to file an 11.07 state application for writ of habeas corpus.

SIGNED this 28th day of October 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE